

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**
**(HEARD AUGUST 30, 2017, AT MEMPHIS)**

**FILED**

**September 12, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:10 A.M.**

| | | |
|---|---|---|
| George Limberakis | ) | Docket No.  2016-08-1288 |
| | ) | |
| v. | ) | State File No. 64725-2014 |
| | ) | |
| Pro-Tech Security, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded – Filed September 12, 2017

---

In this interlocutory appeal, the employee alleged a work-related back injury that the employer accepted as compensable.  After the employee received conservative medical care from an authorized physician, the physician opined that the employee did not need additional medical treatment as a result of the work injury and thereafter refused to see the employee.  Following an expedited hearing at which the employee sought an order compelling the employer to authorize a new treating physician who was willing to see him, the trial court determined the employee would likely prevail on this issue at trial.  As a result, the court ordered the employer to replace the original physician on the panel and allow the employee to select a new physician for any additional treatment made reasonably necessary by the compensable work accident.  The employer appealed.  We affirm the trial court's order and remand the case for any additional proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley joined.  Presiding Judge Marshall L. Davidson, III, dissented.

Heather H. Douglas and Travis J. Ledgerwood, Nashville, Tennessee, for the employer-appellant, Pro-Tech Security, Inc.

Emily B. Bragg, Memphis, Tennessee, for the employee-appellee, George Limberakis

1

## Factual and Procedural Background

George Limberakis ("Employee"), a sixty-four-year-old resident of Shelby County, Tennessee, worked as a security guard for Pro-Tech Security, Inc. ("Employer"). On July 23, 2014, he was lifting a security gate when he felt pain and symptoms in his lower back. His claim was accepted as compensable and, after an initial evaluation at a clinic, he received authorized orthopedic care from Dr. Ashley Park, a physician Employee selected from Employer's panel. A November 3, 2014 MRI revealed "mild facet degenerative changes" at the L4-5 level of the spine, and a "mild diffuse disc bulge" at L5-S1. Dr. Park treated Employee conservatively, prescribing medications, epidural steroid injections, a medial branch block, and light duty work restrictions.

Employee completed a functional capacity evaluation ("FCE") on March 17, 2016. According to Dr. Park, the FCE indicated Employee "performed with determined, consistent and reliable effort." He demonstrated an ability to perform work in the "light" physical demand category. In his April 19, 2016 report, Dr. Park indicated Employee "will return back to his regular job without restrictions" and "will be discharged from further care." He offered no further prescription medications or other treatment options. According to Employee, Dr. Park's office thereafter refused to schedule any additional appointments despite repeated requests.

In response to Employee's request for an expedited hearing, Employer argued that it was under no further obligation to provide medical benefits. Employer's position was based on a letter it sent to Dr. Park asking for clarification of his opinion concerning future medical care. In his July 6, 2016 response, Dr. Park indicated he did not believe Employee "will require further medical treatment as it directly relates to his work-related injury."

Following an expedited hearing, the trial court, after finding Employee was likely to prevail at trial, ordered Employer to replace Dr. Park on the panel and allow Employee to make a new selection for any additional medical treatment reasonably necessary as a result of his compensable, work-related condition. The trial court explained that, although Dr. Park initially agreed to treat Employee, he refused to provide additional medical treatment despite Employee's on-going symptoms and his repeated requests for a follow-up appointment. Notably, the trial court ordered Employer to provide only "medical treatment as required by Tennessee Code Annotated section 50-6-204." Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2016) ("There shall be a presumption that the

findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). However, we review questions of law *de novo* with no presumption of correctness. *See Am. Mining Ins. Co. v. Campbell*, No. M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at \*18 (Tenn. Workers' Comp. Panel Dec. 9, 2016) ("A trial court's conclusions of law are reviewed *de novo* upon the record with no presumption of correctness."). Moreover, the interpretation and application of statutes and regulations concerns issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at \*9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

**Analysis**

There is no dispute in this case that Employee suffered a compensable back injury. It is well-settled in Tennessee that an injured worker is entitled to medical benefits from the employer "made reasonably necessary by accident." Tenn. Code Ann. § 50-6-204(a)(1)(A) (2016). As explained by the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel, in circumstances where a dispute arises concerning the medical necessity of particular treatment, "an employee has the burden of demonstrating that a given medical treatment not authorized by the employer is reasonable and medically necessary." *McClendon v. Food Lion, LLC*, No. E2013-00380-WC-R3-WC, 2014 Tenn. LEXIS 518, at \*8 (Tenn. Workers' Comp. Panel July 11, 2014). "The question of whether a particular medical treatment is 'made reasonably necessary' must be answered based upon the proof presented at the time the treatment is proposed." *Id.* Furthermore, "the Supreme Court has consistently held that an employee's assessment as to his or her own physical condition is competent testimony that is not to be disregarded." *Id.* at \*10.

It is also clear, however, that an employer cannot unilaterally terminate an employee's entitlement to reasonable and necessary medical benefits following a compensable work injury. As explained by the Workers' Compensation Appeals Panel, "'[i]n the absence of evidence directed specifically to the issue' of termination of treatment, 'the employer must provide [the employee with] future, free reasonably necessary medical . . . treatment.'" *Kennedy v. Lakeway Auto Sales, Inc.*, E2010-02422-WC-R3-WC, 2011 Tenn. LEXIS 842, at \*8 (Tenn. Workers' Comp. Panel Aug. 30, 2011) (quoting *Carter v. Shoney's Inc.*, 845 S.W.2d 740, 742-44 (Tenn. Workers' Comp. Panel 1992)).

Tennessee Code Annotated section 50-6-240(d) (2016) allows parties to compromise and settle the issue of future medical benefits, but any such agreement must be reviewed and approved by a workers' compensation judge. That has not occurred in this case. Unless a court terminates an employee's entitlement to medical benefits, or

approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker remains entitled to reasonable and necessary medical treatment causally-related to the work injury in accordance with Tennessee Code Annotated sections 50-6-204(a)(1)(A) and 50-6-102(14)(C) (2016). *See also Roark v. Liberty Mut. Ins. Co.*, 793 S.W.2d 932, 935 (Tenn. 1990) ("It was premature for the trial judge to limit or deny [medical] benefits at the time of the trial. If or when appellant makes application for any such future medical expenses, the trial judge must at that time and under the evidence then adduced determine whether the employer . . . is liable for their payment.").

In *Carter v. Shoney's, Inc.*, an employee suffered a work-related injury that resulted in authorized chiropractic treatment. *Carter*, 842 S.W.2d at 741. Upon the recommendation of the chiropractor, the employee attended an evaluation with a neurosurgeon who identified a "central disc tear at C5-6" but otherwise found the examination to be "absolutely normal." *Id.* The neurosurgeon concluded that the employee did not require surgery, could return to her regular job, and had reached maximum medical improvement. *Id.* He did not specifically refer the employee back to her chiropractor, but conceded such treatment "might be indicated." *Id.*

Thereafter, the employee returned for further treatment with her chiropractor, but the employer refused to pay for it. *Id.* at 742. On appeal, the Workers' Compensation Appeals Panel noted the employee's testimony that she had considerable difficulties performing "day-to-day activities on the job as a waitress and at her home." *Id.* It then concluded that "[i]n the absence of evidence directed specifically to the issue we cannot arbitrarily order that chiropractic treatment be terminated." *Id.*

As in *Carter*, the authorized treating physician in the present case opined Employee had reached maximum medical improvement for his work-related injury, did not need surgery, and required no further medical treatment as of that visit. However, Dr. Park's opinion as expressed on that visit cannot be considered to have forever foreclosed the possibility that Employee may need reasonable and necessary medical treatment causally-related to the work injury at some point in the future. It is not only significant, but it is determinative in our opinion that the hearing in question was interlocutory in nature, as opposed to a trial on the merits, and Employer has accepted the claim as being compensable. Employee has complained of ongoing symptoms, attempted without success to schedule a return visit to the authorized physician, and testified to his continuing physical difficulties following his work injury.

In sum, Employer has acknowledged that Employee's claim is compensable, that Employee is entitled to any reasonable and necessary medical treatment causally-related to the work accident, and that Dr. Park is the designated authorized treating physician. Yet, Employer also admits that Dr. Park refuses to see Employee. Thus, this case does not present a dispute over any particular medical treatment that would trigger Employee's

duty to present evidence of the reasonableness and necessity of such treatment. Instead, it is an interlocutory dispute over whether an employee with a compensable claim is entitled to an authorized treating physician who will agree to see the employee.[1] Given that the designated authorized physician refuses to allow a return visit, we cannot conclude the trial court erred in ordering Employer to replace Dr. Park on its panel to allow Employee to select another physician for any reasonable and necessary medical treatment causally-related to the work injury in accordance with Tennessee Code Annotated sections 50-6-204(a)(1)(A) and 50-6-102(14)(C).

## Conclusion

Based on the foregoing, the trial court's order is affirmed and the case is remanded to the trial court for any further proceedings that may be necessary.

---

[1] We respectfully disagree with the dissent's suggestion that the duration or scope of Dr. Park's treatment to date relieves Employer of its continuing obligation to provide reasonable and necessary medical treatment causally-related to the compensable work injury in compliance with Tennessee Code Annotated section 50-6-204(a)(1)(A).



**FILED**

**September 12, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:10 A.M.

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| George Limberakis | ) | Docket No. 2016-08-1288 |
| | ) | |
| v. | ) | State File No. 64725-2014 |
| | ) | |
| Pro-Tech Security, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

**Dissenting Opinion – Filed September 12, 2017**

---

Marshall L. Davidson, III, Presiding Judge, dissenting.

The majority concludes that the employer must provide the employee with a new authorized treating physician after the physician he selected from a panel determined the employee no longer needs treatment related to his work injury, placed him at maximum medical improvement, and will not keep seeing him. I respectfully disagree.

First, this is not a case where a physician selected from a panel agreed to see a worker once (or not at all) and then summarily discharged him as a patient and refused to see him again. Instead, the physician the employee selected, Dr. Park, ordered diagnostic tests, treated the employee for at least eighteen months, prescribed medications, epidural steroid injections, a medial branch block, and light duty restrictions, and determined he had reached maximum medical improvement. Only then did he release the employee to return to work without restrictions, concluding the employee no longer needed medical treatment related to his work injury. The record contains no medical evidence contrary to Dr. Park's conclusion.

The employer argues that it would be unreasonable to require a treating physician to continually see a worker for the same complaints time and time again in the face of a determination, arrived at over many months, that no further treatment related to the work injury was necessary. According to the employer, the employee has received reasonably necessary medical treatment for his injury and is not entitled to successive physicians until he finds one that suits him. I agree with the employer that, given the circumstances

1

presented, it discharged its statutory obligation to provide medical benefits "made reasonably necessary by accident." Tenn. Code Ann. § 50-6-204(a)(1)(A) (2016). Again, the record is devoid of medical evidence contrary to Dr. Park's conclusion that the employee does not need further medical treatment related to his work accident, a conclusion reached over a significant period of time.

Second, in arguing that the employer must provide him with another physician to replace Dr. Park, the employee relies on Tennessee Code Annotated section 50-6-204(a)(3)(G), which permits an injured worker to request another physician if a physician on the panel "declines to accept the employee as a patient." Here, Dr. Park accepted the employee as a patient and, in fact, provided treatment for more than eighteen months, a point the employee readily acknowledges. Thus, under its own terms, section 50-6-204(a)(3)(G), upon which the trial court relied in ordering a replacement for Dr. Park, does not apply to the circumstances presented.

Third, under the majority's decision, the employee will presumably be entitled to yet another authorized treating physician, at the employer's expense, if the newly selected physician reaches the same conclusion as Dr. Park, i.e., that the employee does not require treatment related to his work accident and declines to keep seeing him. There is nothing in the law that mandates the provision of successive physicians under the circumstances presented. An employee has the burden of proving his or her case, including the need for medical treatment related to a work accident. That burden has not been met in this case, yet the employer must continue to provide physicians even after the physician selected by the employee as his treating physician determined he had reached maximum medical improvement and needs no further medical treatment.

In short, the legislature has already identified the circumstances under which an injured worker is entitled to successive physicians, *see* section 50-6-204(a)(3)(G), and this case does not fit those circumstances. In my view, the practical effect of today's decision is to extend the scope of section 50-6-204(a)(3)(G) beyond it plain terms. The end result will be litigation over the circumstances – beyond those provided for by the legislature – under which successive physicians may be ordered.

Accordingly, I would reverse the trial court's order to the extent it directs the employer to provide a successive treating physician under the circumstances presented.

**FILED**

**September 12, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:10 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| George Limberakis | ) | Docket No.  2016-08-1288 |
| | ) | |
| v. | ) | State File No.  64725-2014 |
| | ) | |
| Pro-Tech Security, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of September, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Emily B. Bragg | | | | | X | ebragg@forthepeople.com |
| Heather H. Douglas | | | | | X | hdouglas@manierherod.com |
| Travis J. Ledgerwood | | | | | X | tledgerwood@manierherod.com |
| Deana C. Seymour, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov